E. MARTIN ESTRADA
United States Attorney
DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division
JEREMIAH LEVINE (Cal. Bar No. 288377)
Assistant United States Attorney
Violent and Organized Crime Section
REEMA M. EL-AMAMY (Cal. Bar No. 237743)
  1300 United States Courthouse
  312 North Spring Street
  Los Angeles, California 90012
  Telephone: (213) 894-2400
  Facsimile: (213) 894-0141
  E-mail: Jeremiah.Levine@usdoj.gov
     Reema.El.Amamy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:24-CR-00570-WLH |
|---|---|
|    Plaintiff, | STIPULATION AND JOINT REQUEST FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION, MEDICAL INFORMATION, PRIVACY ACT INFORMATION, AND CONFIDENTIAL INFORMANT INFORMATION |
|    v. | |
| CLAIRE PATRICIA HAVILAND, et al., | |
| CLAIRE PATRICIA HAVILAND (1), BRIAN GLENN EKELUND (2), STEVEN MICHAEL SILVERBERG(5), CORY DANIEL SIMS (7), ROBERT M. SLAYTON (11), MICHAEL VITANZA (12), PAUL JOHN PICHIE (13), GUY MANNING WILLS (15), CHARISSA MARIE CHOTARD (16), JULIE ANN ROMERO (17), CYNTHIA VAN VLYMEN (18), PAGET GARY EKELUND (21), SCOTT JOSHUA VENNUM (22), MICHAEL ANTHONY CHATTERTON (23), CHRISTOPHER CRAIG (25), GABRIELA IBARRA (26), RICHARD KEVIN RILEY (29), ADAM L. RODNEY (32), TARA JANE BECKWITH (36),ALBERT ETHAN EKLUND (42), CIARA JACOBS (44), JAMES ALLEN THAEMERT (51), DAVID MITCHELL SHAPIRO (52), SEAN CRAIG GLUCKMAN (53), | PROPOSED ORDER FILED SEPARATELY |

CHRISTOPHER MARK PREVEDELLO
(56), HENISI UTSLER (59),
REBEKA ANNA BENEDICT (60),
TANYA NURRIA RESNICK (64),

              Defendants.

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Reema El-Amamy and Jeremiah Levine, and defendants CLAIRE PATRICIA HAVILAND (1), BRIAN GLENN EKELUND (2), STEVEN MICHAEL SILVERBERG (5), CORY DANIEL SIMS (7), ROBERT M. SLAYTON (11), MICHAEL VITANZA (12), PAUL JOHN PICHIE (13), GUY MANNING WILLS (15), CHARISSA MARIE CHOTARD (16), JULIE ANN ROMERO (17), CYNTHIA VAN VLYMEN (18), PAGET GARY EKELUND (21), SCOTT JOSHUA VENNUM (22), MICHAEL ANTHONY CHATTERTON (23), CHRISTOPHER CRAIG (25), GABRIELA IBARRA (26),  RICHARD KEVIN RILEY (29), ADAM L. RODNEY (32), TARA JANE BECKWITH (36), ALBERT ETHAN EKLUND (42), CIARA JACOBS (44), JAMES ALLEN THAEMERT (51), DAVID MITCHELL SHAPIRO (52), SEAN CRAIG GLUCKMAN (53), CHRISTOPHER MARK PREVEDELLO (56), HENISI UTSLER (59), REBEKA ANNA BENEDICT (60), and TANYA NURRIA RESNICK (64), ("defendants"), by and through their respective counsels of record, (collectively the "parties"), for the reasons set forth below, request that the Court enter the proposed protective order (the "Protective Order") governing the use and dissemination of 1) personal identifying information ("PII") of real persons pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1), (2) medical or health information, (3) material that may contain information within the scope of the Privacy Act, and (4) information related to confidential informants and/or cooperating witnesses who may testify at trial.

Introduction and Grounds for Protective Order

1.    Defendants are is charged in this matter with violations
of 18 U.S.C. § 1962(d): Racketeer Influenced and Corrupt
Organizations Conspiracy; 21 U.S.C. § 846: Conspiracy to Distribute
and to Possess with Intent to Distribute Controlled Substances; 18
U.S.C. § 1349: Conspiracy To Commit Bank Fraud; 18 U.S.C. § 1344:
Bank Fraud; 18 U.S.C. § 1028A: Aggravated Identity Theft; 21 U.S.C.
§§ 841(a)(1), (b)(1)(A), (b)(1)(B), (b)(1)(C), (b)(2): Possession
with Intent to Distribute and Distribution of Controlled Substances;
18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and
Ammunition; 18 U.S.C. § 924(c)(1)(A): Possess a Firearm in
Furtherance of a Drug Trafficking Crime; 18 U.S.C. § 1029(a)(3):
Possession of Fifteen or More Unauthorized Access Devices; 18 U.S.C.
§ 2(a): Aiding and Abetting.

2.    A protective order is necessary because the government
intends to produce to the defense materials regarding confidential
informants or cooperating witnesses who participated in the
government's investigation and who may testify at trial.  Because
these materials could be used to identify the confidential
informants or cooperating witnesses, the government believes that
the unauthorized dissemination or distribution of the materials may
compromise the ability of such persons to participate effectively in
future investigations in an undercover capacity and/or may expose
him/her to potential safety risks.

3.    A protective order is also necessary because the
government intends to produce to the defense materials containing
third parties' PII and medical information.  The government believes
that disclosure of this information without limitation risks the

3

privacy and security of the information's legitimate owners.  The medical information at issue may also be subject to various federal laws protecting the privacy of medical records, including provisions of the Privacy Act, 5 U.S.C. § 552a; provisions of 45 C.F.R. §§ 164.102-164.534; and/or provisions of 42 U.S.C. § 1306.  Because the government has an ongoing obligation to protect third parties' PII and medical information, the government cannot produce to defendant an unredacted set of discovery containing this information without the Court entering the Protective Order.  Moreover, PII and medical information make up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value.  If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and it would be challenging for defense counsel to adequately evaluate the case, provide advice to defendant, or prepare for trial.

4.    An order is also necessary because the government intends to produce to the defense materials that may contain information within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act Information").  To the extent that these materials contain Privacy Act Information, an order is necessary to authorize disclosure pursuant to 5 U.S.C. § 552a(b)(11).

5.    The purpose of the Protective Order is to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and

(b) provide the defense with sufficient information to adequately represent defendant.

<u>Definitions</u>

6.    The parties agree to the following definitions:

a.    "CI Materials" includes any information relating to a confidential informant's or cooperating witness's prior history of cooperation with law enforcement, prior criminal history, statements, or any other information that could be used to identify a confidential informant or cooperating witness, such as a name, image, address, date of birth, or unique personal identification number, such as a Social Security number, driver's license number, account number, or telephone number.

b.    "PII Materials" includes any information that can be used to identify a person, including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

c.    "Medical Materials" includes any individually identifiable health information that is connected to a patient's name, address, or other identifying number, such as a Social Security number or Medicare/Medi-Cal number.

d.    "Confidential Information" refers to any document or information containing: CI Materials, PII Materials, or Medical Materials that the government produces to the defense pursuant to this Protective Order and any copies thereof.

e.    "Defense Team" includes (1) defendant's counsel of record ("defense counsel"); (2) other attorneys who may be consulted regarding the case (including counsel for other parties, and their defense team members, who have been granted access to the

Confidential Information); (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; and (5) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case.  The Defense Team does not include defendant, defendant's family members, or any other associates of defendant.

Terms of the Protective Order

7.    The parties jointly request the Court enter the Protective Order, which will permit the government to produce Confidential Information in a manner that preserves the privacy and security of third parties.  The parties agree that the following conditions in the Protective Order will serve these interests:

a.    The government is authorized to provide defense counsel with Confidential Information marked with the following legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER."  The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder.  The government may also redact any PII contained in the production of Confidential Information.

b.    If defendant objects to a designation that material contains Confidential Information, the parties shall meet and confer.  If the parties cannot reach an agreement regarding defendant's objection, defendant may apply to the Court to have the designation removed.

c.    Defendant and the Defense Team agree to use the Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as

well as any appellate and post-conviction proceedings related to
this case.

        d.   The Defense Team shall not permit anyone other than
the Defense Team to have possession of Confidential Information,
including defendant, while outside the presence of the Defense Team.

        e.   Defendants may see and review CI Materials only in
the presence of a member of the Defense Team, who shall ensure that
defendant is never left alone with any CI Materials.  At the
conclusion of any meeting with defendant at which defendant is
permitted to view CI Materials, defendant must return any CI
Materials to the Defense Team, and the member of the Defense Team
present shall take all such materials with him or her.  Defendant
may not take any CI Materials out of the room in which defendant is
meeting with the Defense Team.

        f.   Defendant may review PII Materials and Medical
Materials only in the presence of a member of the Defense Team, who
shall ensure that defendant is never left alone with any PII
Materials or Medical Materials.  At the conclusion of any meeting
with defendant at which defendant is permitted to view PII Materials
or Medical Materials, defendant must return any PII Materials or
Medical Materials to the Defense Team, and the member of the Defense
Team present shall take all such materials with him or her.
Defendant may not take any PII Materials or Medical Materials out of
the room in which defendant is meeting with the Defense Team.

        g.   Defendant may see and review Confidential Information
as permitted by this Protective Order, but defendant may not copy,
keep, maintain, or otherwise possess any Confidential Information in
this case at any time.  Defendant also may not write down or

memorialize any data or information contained in the Confidential Information.

h.    The Defense Team may review Confidential Information with a witness or potential witness in this case, including defendant.  A member of the Defense Team must be present whenever any CI Materials are being shown to a witness or potential witness. A member of the Defense Team must be present if PII Materials or Medical Materials are being shown to a witness or potential witness. Before being shown any portion of Confidential Information, however, any witness or potential witness must be informed of the requirements of the Protective Order and a Defense Team member must document such.

i.    No member of the Defense Team shall permit a witness or potential witness to retain Confidential Information or any notes generated from Confidential Information.

j.    The Defense Team shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, as restricted above, to see Confidential Information; (2) not divulging to anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, the contents of Confidential Information; and (3) not permitting Confidential Information to be outside the Defense Team's offices, homes, vehicles, or personal presence.  CI Materials shall not be left unattended in any vehicle.

k.    To the extent that defendant, the Defense Team, witnesses, or potential witnesses create notes that contain, in

whole or in part, Confidential Information, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Confidential Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

l.    The Defense Team shall use Confidential Information only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255.  In the event that a party needs to file Confidential Information with the Court, the party seeking to file such information shall redact any Confidential Information and make all reasonable attempts to limit the divulging of Confidential Information.

m.    The parties agree that any Confidential Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of the Protective Order.  If Confidential Information was inadvertently produced prior to entry of the Protective Order without being marked "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government shall reproduce the material with the correct designation and notify defense counsel of the error.  The Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

n.    The parties agree that if any Confidential Information contains both CI Materials and another category of Confidential Information, the information shall be handled in accordance with the CI Materials provisions of the Protective Order.

o.    Confidential Information shall not be used by the defendant or Defense Team, in any way, in any other matter, absent

9

an order by this Court.  All materials designated subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such order is modified by this Court.  Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return CI Materials to the government or certify that such materials have been destroyed.  Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return all PII Materials or Medical Materials, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the California Business and Professions Code and the California Rules of Professional Conduct.

p.    In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before the undersigned defense counsel transfers any Confidential Information to the new defense counsel.  New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case.  New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for (1) returning to the government, certifying the destruction of, or retaining pursuant to the California Business and Professions Code and the California Rules of Professional Conduct all PII Materials or Medical Materials; and (2) returning to the government or certifying the destruction of all CI Materials.

q.   Defense counsel agrees to advise defendant and all members of the Defense Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing defendant and members of the Defense Team with access to any materials subject to the Protective Order.

r.   Defense Counsel has conferred with defendant regarding this stipulation and the proposed order thereon, and defendant agrees to the terms of the proposed order.

s.   Accordingly, the parties have agreed to request that the Court enter a protective order in the form submitted herewith.

IT IS SO STIPULATED.

DATED: October 14, 2024     E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


 /s/ Jeremiah Levine       
JEREMIAH LEVINE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA


DATED: _10/23/24_____     ___/s/_____
DANIEL A NARDONI
Attorney for Defendant
CLAIRE PATRICIA HAVILAND


DATED: __10/23/24_____     ____/s/_____
CHRISTY O'CONNOR
Attorney for Defendant
BRIAN GLENN EKELUND


DATED: __10/23/24_____     _____/s/_____
DANIEL KOFFMANN
Attorney for Defendant
STEVEN MICHAEL SILVERBERG


DATED: _10/23/24_____     _/s/_____
MELISSA A. WEINBERGER
Attorney for Defendant
CORY DANIEL SIMS


DATED: _10/23/24_____     ___/s/_____
ROBERT KIM SCHWARZ
Attorney for Defendant
ROBERT M. SLAYTON

DATED: _10/23/24_____        _____/s/_____
                                 MICHAEL M. CRAIN
                                 Attorney for Defendant
                                 MICHAEL VITANZA


DATED: __10/23/24_____        _____/s/_____
                                 DAVID R. EVANS
                                 Attorney for Defendant
                                 PAUL JOHN PICHIE


DATED: __10/23/24_____        _/s/_____
                                 JEREMY D. WARREN
                                 Attorney for Defendant
                                 GUY MANNING WILLS


DATED: _10/23/24_____         ___/s/_____
                                 RICHARD M. CALLAHAN, JR.
                                 Attorney for Defendant
                                 CHARISSA MARIE CHOTARD


DATED: __10/17/24_____         _____/s/_____
                                 ROBERT H REXRODE, III
                                 Attorney for Defendant
                                 JULIE ANN ROMERO


DATED: __10/23/24_____         _____/s/_____
                                 JOHN TARGOWSKI
                                 Attorney for Defendant
                                 CYNTHIA VAN VLYMEN


DATED: __10/23/24_____        ___/s/_____
                                 ADAM F DOYLE
                                 Attorney for Defendant
                                 PAGET GARY EKELUND


DATED: _10/23/24_____        ____/s/_____
                                 DAVID R. SILLDORF
                                 Attorney for Defendant
                                 SCOTT JOSHUA VENNUM

DATED: 10/23/24_____          ___/s/_____
                                   SHEILA SARAH MOJTEHEDI
                                   Attorney for Defendant
                                   MICHAEL ANTHONY CHATTERTON


DATED: 10/18/24_____          ___/s/_____
                                   SCOTT ADAM PACTOR
                                   Attorney for Defendant
                                   CHRISTOPHER CRAIG


DATED: 10/23/24_____          ___/s/_____
                                   SIMON M AVAL
                                   Attorney for Defendant
                                   GABRIELA IBARRA


DATED: ___10/23/24_____          ___/s/_____
                                   DAVID J. KALOYANIDES
                                   Attorney for Defendant
                                   RICHARD KEVIN RILEY


DATED: __10/23/24_____           ____/s/_____
                                   MICHAEL S EVANS
                                   Attorney for Defendant
                                   ADAM L. RODNEY


DATED: ___10/23/24_____          ___/s/_____
                                   SHAUN KHOJAYAN
                                   Attorney for Defendant
                                   TARA JANE BECKWITH


DATED: ___10/18/24_____        ___/s/_____
                                   DEBRA S WHITE
                                   Attorney for Defendant
                                   ALBERT ETHAN EKLUND


DATED: _10/23/24_____          /s/_____
                                   CARLOS N IRIARTE
                                   Attorney for Defendant
                                   CIARA JACOBS

14

DATED: __10/23/24_____          _____/s/_____
                                   STEPHEN G FRYE
                                   Attorney for Defendant
                                   JAMES ALLEN THAEMERT


DATED: __10/23/24_____          ___/s/_____
                                   MEGAN A. MAITIA
                                   Attorney for Defendant
                                   DAVID MITCHELL SHAPIRO


DATED: __10/23/24_____        _____/s/_____
                                   JEREMY IAN LESSEM
                                   Attorney for Defendant
                                   SEAN CRAIG GLUCKMAN


DATED: _10/23/24_____           _/s/_____
                                   AMY FAN
                                   Attorney for Defendant
                                   CHRISTOPHER MARK PREVEDELLO


DATED: _10/23/24                   /s/_____
                                   OLIVER P CLEARY
                                   Attorney for Defendant
                                   HENISI UTSLER


DATED: _10/23/24/_____          _/s/_____
                                   JOHN D. ROBERTSON
                                   Attorney for Defendant
                                   REBEKA ANNA BENEDICT


DATED: ____10/23/24_____          ___/s/_____
                                   ALAN EISNER
                                   Attorney for Defendant
                                   TANYA NURRIA RESNICK