E. MARTIN ESTRADA
United States Attorney
DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division
JEREMIAH LEVINE (Cal. Bar No. 288377)
Assistant United States Attorney
Violent and Organized Crime Section
REEMA M. EL-AMAMY (Cal. Bar No. 237743)
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2400
    Facsimile: (213) 894-0141
    E-mail:    Jeremiah.Levine@usdoj.gov
               Reema.El.Amamy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CLAIRE PATRICIA HAVILAND, et al.,<br><br>　　　　Defendants. | No. CR 2:24-CR-00570-WLH<br><br>STIPULATION AND JOINT REQUEST FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION, MEDICAL INFORMATION, PRIVACY ACT INFORMATION, AND CONFIDENTIAL INFORMANT INFORMATION<br><br>PROPOSED ORDER FILED SEPARATELY |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Reema El-Amamy and Jeremiah Levine, and Coordinating Discovery Attorney John Ellis, for the reasons set forth below, request that the Court enter the proposed protective order (the "Protective Order") governing the use and dissemination of 1) personal identifying information ("PII") of real persons pursuant to Federal Rule of Criminal Procedure Rule

16(d)(1), (2) medical or health information, (3) material that may
contain information within the scope of the Privacy Act, and
(4) information related to confidential informants and/or
cooperating witnesses who may testify at trial.

Introduction and Grounds for Protective Order

1.    Defendants in this case are charged with violations of
18 U.S.C. § 1962(d): Racketeer Influenced and Corrupt Organizations
Conspiracy; 21 U.S.C. § 846: Conspiracy to Distribute and to Possess
with Intent to Distribute Controlled Substances; 18 U.S.C. § 1349:
Conspiracy To Commit Bank Fraud; 18 U.S.C. § 1344: Bank Fraud; 18
U.S.C. § 1028A: Aggravated Identity Theft; 21 U.S.C. §§ 841(a)(1),
(b)(1)(A), (b)(1)(B), (b)(1)(C), (b)(2): Possession with Intent to
Distribute and Distribution of Controlled Substances; 18 U.S.C. §
922(g)(1): Felon in Possession of a Firearm and Ammunition; 18
U.S.C. § 924(c)(1)(A): Possess a Firearm in Furtherance of a Drug
Trafficking Crime; 18 U.S.C. § 1029(a)(3): Possession of Fifteen or
More Unauthorized Access Devices; 18 U.S.C. § 2(a): Aiding and
Abetting.

2.    On October 30, 2024, the Court entered a Protective Order
governing the use and dissemination of discovery materials as to
certain of the defendants.  (Dkt. 521.)  On October 31, 2024, the
Court appointed John Ellis as Coordinating Discovery Attorney for
court-appointed defense counsel.  (Dkt. 543.)  The Court thereby
ordered the government to "provide discovery in a timely manner" to
the Coordinating Discovery Attorney (Id. p. 3.)  At present,
Coordinating Discovery Attorney Ellis and those assisting him are
not joined to or bound by the terms of the Court's Protective Order.

3.    A protective order is necessary because the government intends to produce to the defense materials regarding confidential informants or cooperating witnesses who participated in the government's investigation and who may testify at trial.  Because these materials could be used to identify the confidential informants or cooperating witnesses, the government believes that the unauthorized dissemination or distribution of the materials may compromise the ability of such persons to participate effectively in future investigations in an undercover capacity and/or may expose him/her to potential safety risks.

4.    A protective order is also necessary because the government intends to produce to the defense materials containing third parties' PII and medical information.  The government believes that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners.  The medical information at issue may also be subject to various federal laws protecting the privacy of medical records, including provisions of the Privacy Act, 5 U.S.C. § 552a; provisions of 45 C.F.R. §§ 164.102-164.534; and/or provisions of 42 U.S.C. § 1306.  Because the government has an ongoing obligation to protect third parties' PII and medical information, the government cannot produce to defendant an unredacted set of discovery containing this information without the Court entering the Protective Order.  Moreover, PII and medical information make up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value.  If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules

regarding redaction, and the Privacy Policy of the United States
Judicial Conference, the defense would receive a set of discovery
that would be highly confusing and difficult to understand, and it
would be challenging for defense counsel to adequately evaluate the
case, provide advice to defendant, or prepare for trial.

5.    An order is also necessary because the government intends
to produce to the defense materials that may contain information
within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act
Information").  To the extent that these materials contain Privacy
Act Information, an order is necessary to authorize disclosure
pursuant to 5 U.S.C. § 552a(b)(11).

6.    The purpose of the Protective Order is to (a) allow the
government to comply with its discovery obligations while protecting
this sensitive information from unauthorized dissemination, and
(b) provide the defense with sufficient information to adequately
represent defendant.

7.    Coordinating Discovery Attorney Ellis agrees to advise all
members of the Coordinating Discovery Attorney Team of their
obligations under the Court's Protective Orders and shall ensure
their agreement to follow the Protective Orders, prior to providing
access to any materials subject to the Protective Orders.

8.    Accordingly, the government and Coordinating Discovery
Attorney Ellis stipulate and agree to request that the Court join
Coordinating Discovery Attorney Ellis to the Court's Protective
Orders through the form submitted herewith.

4

1          a.    Accordingly, the parties have agreed to request that

2    the Court enter a protective order in the form submitted herewith.

3         IT IS SO STIPULATED.

4         DATED: November 22, 2024        E. MARTIN ESTRADA
                                          United States Attorney
5
                                          DAVID T. RYAN
6                                         Assistant United States Attorney
                                          Chief, National Security Division
7

8
                                           /s/ Jeremiah Levine
9                                         JEREMIAH LEVINE
                                          Assistant United States Attorney
10

11                                        Attorneys for Plaintiff
                                          UNITED STATES OF AMERICA
12

13

14        DATED:  11/26/24                 /s/ John Ellis
                                          JOHN ELLIS
15                                        Law Offices of John C Ellis Jr.
                                          Coordinating Discovery Attorney
16

17

18

19

20

21

22

23

24

25

26

27

28