1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9               FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>CLAIRE PATRICIA HAVILAND, et al.,<br><br>       Defendants. | No. CR 2:24-CR-00570-WLH<br><br>PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION, MEDICAL INFORMATION, PRIVACY ACT INFORMATION, AND CONFIDENTIAL INFORMANT INFORMATION [784] |

     The Court has read and considered the parties' Stipulation for a Protective Order Regarding Discovery Containing Personal Identifying Information, Medical Information, Privacy Act Information, and Confidential Informant Information, filed by the government and Coordinating Discovery Attorney John Ellis in this matter on or about December 3, 2024, which this Court incorporates by reference into this order, and FOR GOOD CAUSE SHOWN the Court hereby FINDS AND ORDERS as follows:

     1.   The government's discovery in this case relates to the defendants' alleged crimes, that is, violations of 18 U.S.C. § 1962(d): Racketeer Influenced and Corrupt Organizations Conspiracy; 21 U.S.C. § 846: Conspiracy to Distribute and to Possess with Intent

to Distribute Controlled Substances; 18 U.S.C. § 1349: Conspiracy to Commit Bank Fraud; 18 U.S.C. § 1344: Bank Fraud; 18 U.S.C. § 1028A: Aggravated Identity Theft; 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), (b)(1)(C), (b)(2): Possession with Intent to Distribute and Distribution of Controlled Substances; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 18 U.S.C. § 924(c)(1)(A): Possession of a Firearm in Furtherance of a Drug Trafficking Crime; 18 U.S.C. § 1029(a)(3): Possession of Fifteen or More Unauthorized Access Devices; 18 U.S.C. § 2(a): Aiding and Abetting.

2. On October 30, 2024, the Court entered a Protective Order governing the use and dissemination of discovery materials as to certain of the defendants. (Dkt. 521.) On October 31, 2024, the Court appointed John Ellis as Coordinating Discovery Attorney for court-appointed defense counsel. (Dkt. 543.) The Court thereby ordered the government to "provide discovery in a timely manner" to the Coordinating Discovery Attorney. (Id. p. 3.)

3. A protective order is necessary because the government intends to produce to the defense and the Coordinating Discovery Attorney materials regarding confidential informants or cooperating witnesses who participated in the government's investigation and who may testify at trial. Because these materials could be used to identify the confidential informants or cooperating witnesses, the government believes that the unauthorized dissemination or distribution of the materials may compromise the ability of such persons to participate effectively in future investigations in an undercover capacity and/or may expose him/her to potential safety risks.

4. A protective order is also necessary because the government intends to produce to the defense materials containing third parties' PII and medical information. The government believes that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners. The medical information at issue may also be subject to various federal laws protecting the privacy of medical records, including provisions of the Privacy Act, 5 U.S.C. § 552a; provisions of 45 C.F.R. §§ 164.102-164.534; and/or provisions of 42 U.S.C. § 1306. Because the government has an ongoing obligation to protect third parties' PII and medical information, the government cannot produce to defendant an unredacted set of discovery containing this information without the Court entering the Protective Order. Moreover, PII and medical information make up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value. If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and it would be challenging for defense counsel to adequately evaluate the case, provide advice to defendant, or prepare for trial.

5. An order is also necessary because the government intends to produce to the defense materials that may contain information within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act Information"). To the extent that these materials contain Privacy

Act Information, an order is necessary to authorize disclosure pursuant to 5 U.S.C. § 552a(b)(11).

6. Accordingly, the discovery that the government will provide to the Coordinating Discovery Attorney in the above-captioned case will be subject to the Protective Order entered on October 30, 2024. (Dkt. 521.)

7. The Coordinating Discovery Attorney agrees to advise all members of the Coordinating Discovery Attorney Team of their obligations under the Court's Protective Orders and shall ensure their agreement to follow the Protective Orders, prior to providing access to any materials subject to the Protective Orders.

IT IS SO ORDERED.

12/9/2024
DATE

HONORABLE WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

Presented by:

/s/
JEREMIAH LEVINE
Assistant United States Attorney

4